# No. 22-55766

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

*SYLVIA FERRARA,*
Plaintiff and Appellant,
vs.
*ALEJANDRO MAYORKAS*
Defendant and Appellee.

Appeal from Judgment in the United States District Court for the
Central District of California
Honorable Phillip S. Gutierrez
Case No. 2:20-cv-03421-PSG-KSx

## APPELLANT'S REPLY BRIEF

EDWARD J. BLUM (185163)
LAW OFFICE OF EDWARD J. BLUM
3731 Wilshire Blvd., Suite 312
Los Angeles, California 90010
Phone: (213) 479-5322

Attorney for Plaintiff and Appellant Sylvia Ferrara

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES…………………………………………...……… iii

I.    INTRODUCTION........................................................................ 1

II.    LEGAL ARGUMENT................................................................. 2

        A.    APPELLEE'S ANSWERING BRIEF DOES NOT
              SUFFICIENTLY REFUTE APPELLANT'S ASSERTIONS
              IN HIS OPENING BRIEF THAT THE DISTRICT COURT
              CORRECTLY CONCLUDED THAT APPELLANT
              PROVED A PRIMA FACIE CASE OF RETALIATION …………. 2

              1.    DESPITE APPELLANT'S ARGUMENTS TO THE
                    CONTRARY, APPELLANT DID NOT WAIVE ANY
                    ADVERSE EMPLOYMENT ACTION RELATING
                    TO HER RETALIATION CLAIMS …………...…………. 2

              2.    DESPITE APPELLEE'S ARGUMENTS TO THE
                    CONTRARY, APPELLANT ESTABLISHED (AND
                    THE DISTRICT COURT HELD) THAT HER
                    PROTECTED ACTIVITY WAS THE "BUT-FOR"
                    CAUSE OF HER TERMINATION ………………………… 5

                    a.    THE DISTRICT COURT CORRECTLY HELD
                          THAT TEMPORARAL PROXIMITY ALONE
                        WAS SUFFICIENT TO ESTABLISH "BUT-FOR"
                        CAUSATION FOR THE JUNE 18, 2013
                        REMOVAL ACTION ………………………………… 5

                    b.    THE DISTRICT COURT CORRECTLY HELD
                          THAT TEMPORARAL PROXIMITY ALONE
                        WAS SUFFICIENT TO ESTABLISH
                      "BUT-FOR" CAUSATION FOR THE
                      JULY 11, 2013 REINSTAEMENT OF
                      APPELLANT'S REMOVAL …………………………. 7

c. THE MORE THAN THREE (3) MONTHS BETWEEN THE MARCH 29, 2013 SETTLEMENT OF APPELLANT'S EEO CASE AND THE REINSTATEMENT OF HER REMOVAL ON JULY 11, 2013 IS VERY CLOSE BASED ON NINTH CIRCUIT LAW …………………………….. 8

d. IT IS UNDISPUTED THAT GARCIA-HAMILTON WAS AWARE OF THE SETTLEMENT OF APPELLANT'S EEO CASE ON MARCH 29, 2013 AND THE FOUR (4) ASSERTED ADVERSE EMPLOYMENT ACTIONS OCCURING ON JUNE 18, 2013 AND JULY 11, 2013, RESPECTIVELY ………………………………...….. 10

e. APPELLEE'S RELIANCE ON NASSAR AND BABB IS MISPLACED ……………………….…… 11

B. APPELLEE'S ANSWERING BRIEF DOES NOT ADEQUATELY REFUTE APPELLANT'S ASSERTIONS IN HER OPENING BRIEF THAT SHE HAS ESTABLISHED PRETEXT IN THIS CASE ………………………………….……….. 14

1. APPELLANT'S EVIDENCE OF TEMPORAL PROXIMITY, STANDING ALONE, ESTABLISHES PRETEXT IN THIS CASE ………………………………… 16

2. APPELLEE'S ANSWERING BRIEF DOES NOT SUFFICIENTLY REFUTE APPELLANT'S ASSERTIONS IN HIS OPENING BRIEF THAT IN ADDITIONAL TO TEMPORAL PROXIMITY, THERE IS OTHER EVIDENCE IN THE RECORD THAT ESTABLISHES PRETEXT IN THIS CASE ……….. 22

C. PREEMPTIVE RETALIATION IS AN ACTIONABLE, STANDALONE CAUSE OF ACTION AND THE DISTRICT COURT ERRED BY MERGING IT WITH THE RETALIATION CAUSE OF ACTION ……………………… 25

III.   CONCLUSION ............................................................................................ 30

IV.   CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME
       LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE
       REQUIREMENTS ...................................................................................... 31

V.    STATEMENT OF RELATED CASES PURSUANT TO CIRCUIT
       RULE 28-2.6 .............................................................................................. 32

CERTIFICATE OF SERVICE ……………………………………….……… 33

# TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page**

**Allen v. Iranon**,
283 F.3d 1070 (9th Cir. 2002) …………………………………………….. 9

**American Airlines v. Cardoza-Rodriguez**,
133 F.3d 111 (1st Cir. 1998) …………………………………………..… 28

**AMA Multimedia, LLC v. Wanat**,
970 F.3d 1201 (9th Cir. 2020) ………………………………………….……… 4

**Babb v. Wilkie**,
140 S. Ct. 1168, 206 L. Ed. 2d 432 (2020) …………………..………… 11, 12, 13

**Beckel v. Wal-Mart Assocs, Inc.**,
301 F.3d 621 (7th Cir. 2002) …………………………………………… 29

**Bell v. Clackamas County**,
341 F.3d 858 (9th Cir. 2003) …………………………………….……… 18, 19, 20

**Carllicotte v. Carlucci**,
698 F.Supp. 944 (D.D.C. 1988) …………………………………….…………….. 28

**Clark Cty. Sch. Dist. v. Breeden**,
532 U.S. 268, 121 S. Ct. 1508, 149 L. Ed. 2d 509 (2001) ……….…………… 8, 9

**Cohen v. Fred Meyer, Inc.**,
686 F.2d 793 (9th Cir. 1982) ………………………………………..………… 6, 8

**Coszalter v. City of Salem**,
320 F3d 968 (9th Cir 2003) ………………………………………...…………….. 9

**Dawson v. Entek Int'l**,
630 F.3d 928 (9th Cir. 2011) ………………………………………………… 19, 20

**EEOC v. Bojangles Rests., Inc.**,
284 F.Supp.2d 320 (M.D.N.C. 2003) …………………………..………………… 29

**EEOC v. Cosmair,**
821 F.2d 1085 (5th Cir. 1987) …………………………………..…………….. 27

**EEOC v. Shell Oil Co.,**
466 U.S. 54 (1984) …………………………………………..…………….. 27

**EEOC v. U.S. Steel Corp.,**
671 F. Supp. 351 (W.D. Pa. 1987) ………………………..……………… 28

**Faris v. Williams WPC-I, Inc.,**
332 F.3d 316 (5th Cir. 2003) …………………………..…………….. 28

**Foster v. Univ. of Maryland-Eastern Shore,**
787 F.3d 243 (4th Cir. 2015) …………………………..……………… 13

**Garcia v. City of Everett,**
728 F. App'x 624 (9th Cir. 2018) ………………………………… 14

**Hashimoto v. Bank of Hawaii,**
999 F.2d 408 (9th Cir. 1993) …………………………………..…… 28

**Heuer v. Weil-McLain,**
203 F.3d 1021 (7th Cir. 2000) …………………………..…………… 29

**In re Am. W. Airlines,**
217 F.3d 1161 (9th Cir. 2000) …………………………..……………… 4

**Johnson v. ITT Aerospace/Commc'ns Div.,**
272 F.3d 498 (7th Cir. 2001) …………………………………..…… 29

**Kerr v. Jewell,**
549 Fed. Appx. 635 (9th Cir. 2013) …………………………..……………… 19

**Keyser v. Sacramento City Unified Sch. Dist.,**
265 F.3d 741 (9th Cir. 2001) …………………………….…………… 17, 20, 21

**Lambert v. Ackerley,**
180 F.3d 997 (9th Cir. 1999) …………………………………..……… 28

**Lindahl v. Air France**,
930 F.2d 1434 (9th Cir. 1991) …………………………………….……….. 1

**Maese-Thomason v. Embry-Riddle Aeronautical Univ.**,
2023 U.S. Dist. LEXIS 159404 (D. Ariz. 2023)……………………..………… 18

**McCall v. U.S. Postal Serv.**,
839 F.2d 664 (Fed. Cir. 1988) …………………………………….………. 28

**McDonnell Douglas v. Green**,
411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973) …………..………...…… 13

**McEwen v. Delta Air Lines**,
919 F.2d 58 (7th Cir. 1990) ………………………………………..…………. 29

**Miller v. Fairchild Indus., Inc.**,
797 F.2d 727 (9th Cir. 1986) ………………………………………….…….. 20

**Pardi v. Kaiser Found. Hosps.**,
389 F.3d 840 (9th Cir. 2004) …………………………………….………. 18

**Perez v. Fatima/Zahra, Inc.**,
2014 U.S. Dist. LEXIS 70664 (N.D. Cal. 2014) ………………………..………. 28

**Reynaga v. Roseburg Forest Prods.**,
847 F.3d 678 (9th Cir. 2017) ………………………………………….………. 25

**Robinson v. Shell Oil**,
519 U.S. 337 (1997) ……………………………………………..……….. 27

**Ruggles v. California Polytechnic State University**,
797 F.2d 782 (9th Cir. 1986) ……………………………………...…………. 13

**Samson v. Wells Fargo Bank, N.A.**,
777 F. App'x 881 (9th Cir. 2019) ……………………………………….. 14

**Santillan v. U.S. Waste of Cal.**,
853 F.3d 1035 (9th Cir. 2017) ……………………………………….………. 14

**Sauers v. Salt Lake County**,
1 F.3d 1122 (10th Cir. 1993) …………………………………….………. 29

**Stegall v. Citadel Broad. Co.**,
350 F.3d 1061 (9th Cir. 2003) ……………………………………..…………. 17

**Strother v. S. Cal. Permanente Med. Grp.**,
79 F.3d 859 (9th Cir. 1996) …………………………………………....……….. 20

**Univ. of Texas Southwestern Med. Center v. Nassar**,
570 U.S. 338, 133 S. Ct. 2517 (2013) ……………………………...……. 11, 12, 13

**Villiarimo v. Aloha Island Air, Inc.**,
281 F.3d 1054 (9th Cir. 2002) ………………………….……… 6, 8, 12, 14, 17, 21

**Wastak v. Lehigh Valley Health Network**,
342 F.3d 281 (3rd Cir. 2003) …………………………………………….. 28

**Westendorf v. W. Coast Contractors of Nevada, Inc.**,
712 F.3d 417 (9th Cir. 2013) …………………………………………….. 12

**Yartzoff v. Thomas**,
809 F.2d 1371 (9th Cir. 1987) …………………………………….……… 6, 8

**Statutes**

49 U.S.C. § 114(r) ………………………………….………………….. 7

49 C.F.R. Part 1520 …………………………………………….……… 7

## I.  <u>INTRODUCTION</u>[1]

The answering brief of Appellee Alejandro Mayorkas ("Appellee") is rife efforts to confuse the relevant facts and law that are currently before this Honorable Court in the following ways.

First, Appellee frivolously argues that Appellant Sylvia Ferrara ("Appellant") did not establish a prima facie case of retaliation, even though the District Court clearly and unambiguously found that Appellant established a prima facie case of retaliation, including but not limited to "but for" causation.

Second, in his answering brief, Appellee tortures U.S. Supreme Court and Ninth Circuit precedents regarding what is necessary to establish pretext.

Finally, Appellee's answering brief is also fatally flawed because it does not view all facts in the light most favorable to Appellant and draw all reasonable inferences in that Appellant's favor as required by law. ***Lindahl v. Air France***, 930 F.2d 1434, 1436-1438 (9th Cir. 1991).  Appellee wants this Honorable Court to ignore evidence presented by Appellant in the District Court and in his opening brief and instead accepted contradictory evidence from Appellee as true, thereby

---

[1] In this reply brief, "AOB" refers to "Appellant's Opening Brief."  In this reply brief, "AAB" refers to "Appellee's Answering Brief."  In this reply brief, "ER" refers to "Appellant's Excerpts of Record" and "SER" refers to Appellee's Supplemental Excerpts of Record.  References to the ER and/or SER are preceded by the applicable volume number and followed by the applicable page number(s).

disregarding long established summary judgment standards.  As will be established below, all of Appellee's efforts described above should be rejected and the District Court's dismissal of Appellant's retaliation claim should be reversed.

## II.  <u>LEGAL ARGUMENT</u>

### A.  <u>APPELLEE'S ANSWERING BRIEF DOES NOT SUFFICIENTLY REFUTE APPELLANT'S ASSERTIONS IN HIS OPENING BRIEF THAT THE DISTRICT COURT CORRECTLY CONCLUDED THAT APPELLANT PROVED A PRIMA FACIE CASE OF RETALIATION</u>.

In its civil minutes (general), the District Court <u>correctly</u> concluded that Appellant established a prima facie case of retaliation.  (*See* **I-ER-009-011**).

In his opening brief, Appellant agreed with the District Court that she has indeed presented a prima facie case of retaliation. (*See* **AOB, at pp. 23-25**).

Despite the District Court's ruling and the arguments made by Appellant in her opening brief, Appellee makes arguments in his answering brief that he is entitled to judgment as a matter of law.  As will be established below, none of the arguments have any merit.

#### 1.  <u>DESPITE APPELLANT'S ARGUMENTS TO THE CONTRARY, APPELLANT DID NOT WAIVE ANY ADVERSE EMPLOYMENT ACTION RELATING TO HER RETALIATION CLAIMS</u>.

Both in the District Court and in his opening brief, Appellant's position was that her retaliation claims are premised on four (4) adverse employment actions: (1) [Appellant]'s effective removal from the TSA on June 18,

2013; (2) [Appellee]'s issuance of the Last Chance/Abeyance Agreement ("LCA") to [Appellant] on the same day; (3) Appellee's refusal to remove paragraphs 8, 9, and 11 from the LCA; and (4) the reinstatement of [Appellant]'s removal on July 11, 2013, resulting in her termination. (*See* **III-ER-573, Second Amended Complaint ("SAC"), ¶ 61**); (*See* **III-ER-577, SAC ¶ 82**); (*See* **3-ER-573**); (*See* **AOB, at p. 23**); (*See* **I-ER-009**).

Appellee <u>did not</u> challenge any of those asserted adverse employment actions in the District Court. (*See* **III-ER-536**).  How do we know Appellee did not challenge any asserted adverse employment action?  The District Court unambiguously held as follows:

> "Defendant does not challenge the first or second elements of Plaintiff's prima facie case of retaliation or anticipatory retaliation but argues that Plaintiff cannot establish a causal link between her protected activity and the asserted adverse employment actions. (Citation omitted.)"

(*See* **I-ER-010**).

Despite his failure to challenge any asserted adverse employment action in the District Court, Appellee now frivolously asserts in his answering brief as follows:

> "Despite her efforts to assert these claims on appeal, [Appellant] expressly disclaimed her retaliation claims as to the second and third adverse actions in the district court."

(*See* **AAB, at p. 15**).

The above assertion by Appellee is patently false. Indeed, Appellant responded to Appellee's repackaged waiver arguments in the District Court. (*See* **II-ER-272, lines 1-21**).

Appellee's other arguments regarding this issue (*See* **AAB, at p. 15, p. 16, fn. 4**) should also be rejected because they were not raised in the District Court and appellate courts are hesitate to consider on appeal issues raised for the first time. *See **AMA Multimedia, LLC v. Wanat***, 970 F.3d 1201, 1213-14 (9th Cir. 2020) ("Absent exceptional circumstances, we generally will not consider arguments raised for the first time on appeal ….") (quoting ***In re Am. W. Airlines***, 217 F.3d 1161, 1165 (9th Cir. 2000)).

Even assuming arguendo that Appellee's arguments here (that are raised for the first time on appeal) have merit (and they do not), Appellee has conceded that there are at least two (2) valid adverse employment actions. As the Appellee states, "[t]hus, the only claims properly on appeal are Ferrara's retaliation claims as to her June 18, 2013 removal and the July 11, 2013 reinstatement of that removal following Ferrara's violation of the LCA." (*See* **AAB, at p. 16**).

////

////

////

////

**2. DESPITE APPELLEE'S ARGUMENTS TO THE CONTRARY, APPELLANT ESTABLISHED (AND THE DISTRICT COURT HELD) THAT HER PROTECTED ACTIVITY WAS THE "BUT-FOR" CAUSE OF HER TERMINATION**.

In its civil minutes (general), the District Court <u>correctly</u> concluded that Appellant established "but-for" causation. (*See* **I-ER-010-011**).

In his opening brief, Appellant <u>agreed</u> with the District Court that she has indeed established "but-for" causation. (*See* **AOB, at pp. 25-34**).

Despite the District Court's ruling and the arguments made by Appellant in her opening brief, Appellee makes a number of arguments in his answering brief that he is entitled to judgment as a matter of law. As will be established below, none of those arguments have any merit.

**a. THE DISTRICT COURT CORRECTLY HELD THAT TEMPORARAL PROXIMITY ALONE WAS SUFFICIENT TO ESTABLISH "BUT-FOR" CAUSATION FOR THE JUNE 18, 2013 REMOVAL ACTION**.

Appellee initially asserts:

"As to the June 18, 2013 removal, Ferrara offered no evidence to rebut the deciding officials' reasonable belief that Ferrara should be removed based on (a) her lack of candor regarding whether any TSA employee assisted her in her response to the Notice of Proposed Suspension, and (b) her failure to properly designate a representative for her response to the notice of proposed suspension. *See* 2-ER-90-92; *see also* 3-ER-349-51, 355 (testimony about topless photographs). Thus, Ferrara cannot

establish that retaliation, rather than her violations of TSA policies, was the but-for cause of her removal."

(*See* **AAB, at p. 17**).

The District Court provided a legally sound basis for rejecting

Appellee's argument above, as follows:

> "It is undisputed that Garcia-Hamilton became aware of Plaintiff's EEOC activity in May 2013—i.e., before she took any of the challenged adverse employment actions. *See PSSUF* ¶ 11; *DRPSS* ¶ 11.5 A jury could reasonably infer, based on the roughly three-month interval between the settlement of Plaintiff's EEOC case on March 29, 2013 and the adverse employment actions between June 18 and July 11, 2013, that Plaintiff's protected activity "was the likely reason for" the adverse employment actions. *See Cohen*, 686 F.2d at 796; *Villiarimo*, 281 F.3d at 1064–65; *see also Yartzoff*, 809 F.2d at 1376 (causation could be inferred when adverse employment actions began less than three months after protected activity). Thus, the Court finds the temporal proximity between the settlement of Plaintiff's EEOC case and the adverse employment actions sufficient to survive summary judgment as to the disputed causation element of Plaintiff's prima facie case of retaliation. Similarly, the proximity between the settlement of Plaintiff's EEOC case and Garcia-Hamilton's offering of the LCA to Plaintiff on June 18 is sufficient to raise an inference of causation for Plaintiff's anticipatory retaliation claim based on the LCA."

(*See* **I-ER-011**).

Appellee has presented no valid legal argument in his

answering brief to overcome this ruling by the District Court.

**b.** **THE DISTRICT COURT CORRECTLY HELD THAT TEMPORARAL PROXIMITY ALONE WAS SUFFICIENT TO ESTABLISH "BUT-FOR" CAUSATION FOR THE JULY 11, 2013 REINSTAEMENT OF APPELLANT'S REMOVAL**.

In his answering brief, Appellee also asserts:

"The same is true of the July 11, 2013 reinstatement of her removal. TSA policies require that Sensitive Security Information be secured and protected from unauthorized access because it bears on the agency's critical security functions. *See* 49 U.S.C. § 114(r); 49 C.F.R. Part 1520; 3-ER-458. Ferrara acknowledged as much at deposition, testifying that "SSI needs to be secured." 3-ER-422. Yet, on July 8, 2013, Ferrara violated TSA policy by leaving Sensitive Security Information unsecured for nearly eight hours. 3-ER-299-303; 3-ER-422-425. After being shown video images of her behavior, Ferrara agreed that she "failed to secure the binder," which constituted a "violation of TSA policies and procedures." 3-ER-429. She also testified that "fail[ing] to secure [the] binder" "caused [her] termination." 3-ER-428-29. Because Ferrara's own testimony confirms that her violation of TSA policy "caused" her termination, she failed to establish the requisite but-for causation."

(*See* **AAB, at pp. 17-18**).

The District Court provided a legally sound basis for rejecting

Appellee's argument above, as follows:

"It is undisputed that Garcia-Hamilton became aware of Plaintiff's EEOC activity in May 2013—i.e., before she took any of the challenged adverse employment actions. *See PSSUF* ¶ 11; *DRPSS* ¶ 11.5 A jury could reasonably infer, based on the roughly three-month interval between the settlement of Plaintiff's EEOC case on March 29,

7

2013 and the adverse employment actions between June
18 and July 11, 2013, that Plaintiff's protected activity
"was the likely reason for" the adverse employment
actions. *See Cohen*, 686 F.2d at 796; *Villiarimo*, 281 F.3d
at 1064–65; *see also Yartzoff*, 809 F.2d at 1376
(causation could be inferred when adverse employment
actions began less than three months after protected
activity). Thus, the Court finds the temporal proximity
between the settlement of Plaintiff's EEOC case and the
adverse employment actions sufficient to survive
summary judgment as to the disputed causation element
of Plaintiff's prima facie case of retaliation. Similarly,
the proximity between the settlement of Plaintiff's EEOC
case and Garcia-Hamilton's offering of the LCA to
Plaintiff on June 18 is sufficient to raise an inference of
causation for Plaintiff's anticipatory retaliation claim
based on the LCA."

(*See* **I-ER-011**).

Appellee has presented no valid legal argument in his

answering brief to overcome this ruling by the District Court.

c. **THE MORE THAN THREE (3) MONTHS
BETWEEN THE MARCH 29, 2013
SETTLEMENT OF APPELLANT'S EEO
CASE AND THE REINSTATEMENT OF HER
REMOVAL ON JULY 11, 2013 IS VERY
CLOSE BASED ON NINTH CIRCUIT LAW**.

In his answering brief, Appellee also asserts:

"Ferrara argues that causation "can be inferred" between
her 2011 EEO case and her termination based on the
temporary proximity between the settlement of her 2011
EEO case and her termination in 2013. However,
temporal proximity may support an inference of
causation only where the protected activity and the
adverse decision were "very close." *Clark Cty. Sch. Dist.*

> *v. Breeden*, 532 U.S. 268, 273 (2001). The lengthy two-
> year gap between Ferrara's 2011 EEO complaint and the
> alleged adverse events here precludes such an inference here.
> (Citations omitted.)  But even if the *settlement* of an EEO
> case can be deemed new protected activity for purposes
> of a retaliation claim—which it should not be—the more
> than three-month gap between Ferrara's March 29, 2013
> settlement and the July 11, 2013 termination is not
> sufficiently "close" to support an inference of causation."
> (Citation omitted.)

(*See* **AAB, at pp. 18-19**).

Appellant responds to Appellee's arguments above as follows:

First, the District Court has already correctly rejected

Appellee's argument regarding the lengthy two-year gap between Appellant's 2011

EEO complaint and the alleged adverse events in this case.  (*See* **I-ER-011**).

Second, although less than three (3) months appears to be what

is generally accepted to be <u>close</u> temporal proximity in the Ninth Circuit, there are

other cases that provide for longer periods of time.  See ***Coszalter v. City of Salem***,

320 F3d 968, 977 (9th Cir 2003) ("Depending on the circumstances, three to eight

months is easily within a time range that can support an inference of retaliation.");

and ***Allen v. Iranon***, 283 F.3d 1070, 1078 (9th Cir. 2002) ("[A]n eleven-month gap

in time is within the range that has been found to support an inference that an

employment decision was retaliatory.")  Based on the Ninth Circuit cases above,

the 104 days (or 3 months, 12 days period) from Appellant's protected activity on

March 29, 2013 and the reinstatement of the removal action on July 11, 2013,

easily supports an inference of retaliation as determined by the District Court.

> **d.    IT IS UNDISPUTED THAT GARCIA-HAMILTON WAS AWARE OF THE SETTLEMENT OF APPELLANT'S EEO CASE ON MARCH 29, 2013 AND THE FOUR (4) ASSERTED ADVERSE EMPLOYMENT ACTIONS OCCURING ON JUNE 18, 2013 AND JULY 11, 2013, RESPECTIVELY**.

Appellee also asserts:

"Moreover, to support an inference of causation based on temporal proximity, Ferrara must show that the particular decision makers involved in the adverse employment action knew of her protected activity (Citations omitted.)

. . .

"Here, the undisputed evidence establishes that Pantages was not aware of Ferrara's prior EEO activity, nor her settlement of that case, when he proposed Ferrara's removal. *See* 3-ER-499. Similarly, Garcia-Hamilton was not involved in Ferrara's EEO settlement. 2-ER-251-255. While Garcia-Hamilton did eventually become aware of Ferrara's prior EEO activity in May 2013, this alone cannot establish but-for causation in light of the undisputed evidence of Ferrara's repeated violations of TSA policy that were the basis for her termination."

(*See* **AAB, at pp. 19-20**).

The District Court has already properly dismissed Appellee's

argument above, as follows:

"And while Pantages declares that he was not aware of Plaintiff's EEOC activity when he proposed her removal,

*Pantages Decl.* ¶ 14, Plaintiff does not challenge Pantages' proposal as an adverse employment action. Instead, Plaintiff challenges four actions taken by Garcia-Hamilton, including her June 18, 2013 decision to sustain Plaintiff's removal. It is undisputed that Garcia-Hamilton became aware of Plaintiff's EEOC activity in May 2013—i.e., before she took any of the challenged adverse employment actions. *See PSSUF* ¶ 11; *DRPSS* ¶ 11."

(*See* **I-ER-011**).

Appellee has presented no valid legal argument in his answering brief to overcome this ruling by the District Court.

### e. APPELLEE'S RELIANCE ON NASSAR AND BABB IS MISPLACED.

Appellee also argues:

"The district court found that the time period between Garcia-Hamilton's learning of Ferrara's EEO settlement and Ferrara's termination is sufficiently close to the June 18, 2013 removal and the July 11, 2013 reinstatement of her removal to establish an inference of retaliation. In reaching that determination, however, the district court relied on cases that pre-date both *Nassar*, 133 S. Ct. 2517, and *Babb*, 140 S. Ct. 1168. 1-ER-11. Likewise, on appeal, Ferrara does not address the Supreme Court's instruction that a *prima facie* case of retaliation requires but-for causation. *See Babb*, 140 S. Ct. at 1174. Accordingly, even if temporal proximity creates an *inference* of retaliation, that inference is far from sufficient to establish that Ferrara's prior EEO activity *alone*, rather than her repeated violations of TSA policy, was the *but-for cause* of her termination. As such, Ferrara failed to establish a *prima facie* case of retaliation."

(*See* **AAB, at pp. 20-21**).

Appellant responds to Appellee's argument above as follows:

First, Appellee's apparent fixation on ***Univ. of Texas Southwestern Med. Center v. Nassar***, 570 U.S. 338, 360, 133 S. Ct. 2517, 2532-2533 (2013) ("Title VII retaliation claims must be proved according to traditional principles of but-for causation."), and ***Babb v. Wilkie***, 140 S. Ct. 1168, 1174 (2020), is misplaced. Appellant cannot and does not dispute the holdings of ***Nassar*** and ***Babb***.[2] However, Appellant does assert that the "but for" causation standard enunciated in ***Nassar*** and ***Babb*** has long been a part of Ninth Circuit jurisprudence before those two cases were decided. *See **Westendorf v. W. Coast Contractors of Nevada, Inc.***, 712 F.3d 417, 422-423 (9th Cir. 2013) (applying but-for causation standard to Title VII retaliation claim); ***Villiarimo***, 281 F.3d at 1064-

---

[2] In ***Nassar***, a physician of Middle Eastern descent alleged that a state university with which his hospital was affiliated revoked a job offer because he complained that he was racially and religiously harassed by a superior. ***Id***. at 2524. The Supreme Court held his Title VII retaliation claim must be established under the traditional principles of "but-for" causation by showing that the unlawful retaliation would not have occurred in the absence of the alleged wrongful actions of his employer. ***Id***. at 2533. The Court found that there was no but-for causation because the affiliation agreement between the hospital and the state university precluded defendant from even making the physician a job offer. ***Id***. at 2532.

In ***Babb***, 140 S. Ct. at 1171, the U.S. Supreme Court held that in a discrimination claim under § 633a(a), the "shall be made free from any discrimination based on age" language applicable to federal employees does not require a but-for causation standard. Instead, "age must be the but-for cause of differential treatment, not . . . a but-for cause of the ultimate decision." ***Id***. Obviously, ***Babb*** is not applicable at all to the instant case.

65 (To establish causation [Appellant] must show "by a preponderance of the evidence that engaging in the protected activity was one of the reasons for [his] firing and that but for such activity [he] would not have been fired."); ***Ruggles v. California Polytechnic State University***, 797 F.2d 782, 785 (9th Cir. 1986) (same), (quoting ***Kauffman v. Sidereal Corp.***, 695 F.2d 343, 345 (9th Cir. 1982) (per curiam)).[3]

Therefore, there was nothing inherently wrong with the District Court's reliance on cases that pre-date ***Nassar*** and ***Babb***.

Second, the ***Nassar*** standard does not affect the Appellant's *prima facie* case as it relates to causation. *See* ***Foster v. Univ. of Maryland-Eastern Shore***, 787 F.3d 243, 251 (4th Cir. 2015) ("We . . . hold that *Nassar* does not alter the causation prong of a *prima facie* case of retaliation."). Instead, ***Nassar*** merely serves to remove "mixed-motive" liability from the context of Title VII retaliation claims. ***Id***. at 246. Because ***Nassar*** does not alter the long-established application of the *McDonnell Douglas* proof scheme in Title VII retaliation claims, Appellee's citation and argument must be cast aside. *See, generally,* ***Foster***, *supra*.

---

[3] The U.S. Supreme Court in ***Nassar*** and ***Babb*** announced their "but-for" causation standard for retaliation claims brought under Title VII and the Age Discrimination in Employment Act of 1967 on June 24, 2013, and April 6, 2020, respectively, which were both well after the Ninth Circuit "but-for" precedents cited herein.

Third, Ninth Circuit decisions post-*Nassar* recognize temporal proximity as sufficient to establish an Appellant's prima facie causal link. *See, e.g.*, **_Garcia v. City of Everett_**, 728 F. App'x 624, 628 (9th Cir. 2018) ("Courts have held 'very close' temporal proximity to mean that 1.5 months is sufficient whereas three and four months is too long."); **_Santillan v. U.S. Waste of Cal._**, 853 F.3d 1035, 1047 (9th Cir. 2017) ("The causal link between a protected activity and the alleged retaliatory action can be inferred from timing alone when there is a close proximity between the two."); *see also* **_Samson v. Wells Fargo Bank, N.A._**, 777 F. App'x 881, 883-84 (9th Cir. 2019). "[T]iming alone will not show causation in all cases; rather, in order to support an inference of retaliatory motive, the termination must have occurred fairly soon after the employee's protected expression." **_Villiarimo_**, 281 F.3d at 1065 (internal quotation marks omitted) (citing Seventh Circuit, Tenth Circuit, and Supreme Court cases that held that four months, eight months, and five months, standing alone, were too long to support inference of discrimination).

### B. <u>APPELLEE'S ANSWERING BRIEF DOES NOT ADEQUATELY REFUTE APPELLANT'S ASSERTIONS IN HER OPENING BRIEF THAT SHE HAS ESTABLISHED PRETEXT IN THIS CASE</u>.

In its civil minutes (general), despite concluding that Appellant established a prima facie case of retaliation, the District Court concluded that "[Appellant] has not provided the "specific and substantial" evidence of pretext needed to overcome

the legitimate, nonretaliatory reasons for the adverse employment actions set forth by [Appellee]." (Citation omitted.) (Emphasis added.) (*See* **I-ER-015**).

In his opening brief, Appellant provided specific and substantial reasons why the District Court erred when it concluded that she did not provide "specific and substantial" evidence of pretext needed to overcome the legitimate, nonretaliatory reasons for the adverse employment actions set forth by Appellant. (*See* **AOB, at pp. 25-45**).

Appellant submits that Appellee has not adequately refuted Appellant's arguments described in his opening brief. Appellee does, however, raise the following additional arguments in his answering brief that should also be summarily rejected by this Honorable Court. For example, Appellee argues:

> "[Appellant] failed to offer specific and substantial evidence that the TSA's legitimate reasons for her termination were pretext for retaliation."

(*See* **AAB, at pp. 21-26**).

Appellee further argues:

> "[Appellant]'s new arguments regarding circumstantial evidence are unpersuasive."

(*See* **AAB, at pp. 26-29**).

Appellant submits that the District Court and Appellee are both wrong.

As will be established below, Appellant submits that the evidence in the record presently before this Honorable Court sufficiently demonstrates many disputed fact questions as to pretext.

**1.** **APPELLANT'S EVIDENCE OF TEMPORAL PROXIMITY, STANDING ALONE, ESTABLISHES PRETEXT IN THIS CASE**.

The District Court held that "mere temporal proximity is generally insufficient to show pretext." (*See* **I-ER-015**).

In his opening brief, Appellant argued that the District Court was wrong and provided specific and substantial reasons why the District Court wrong when it concluded that Appellant's evidence of temporal proximity, standing alone, did not establish pretext in this case. (*See* **AOB, at pp. 25-34**). Appellant respectfully submits that Appellee has not adequately refuted those arguments made by Appellant in his opening brief.

Appellee does, however, raise the following additional arguments in his answering brief that should be summarily rejected by this Honorable Court. For example, Appellee argues:

> "[Appellant] argues that circumstantial evidence of temporal proximity alone is sufficient to establish not only a *prima facie* case, but also to establish pretext. *See* AOB 25-34. But this is directly contrary to established law. Not one case cited by [Appellant] involves a finding of pretext based *solely* on temporal proximity. Rather, the cases she cites all rely on temporal proximity with some additional direct or

circumstantial evidence of pretext." (Citations omitted.) (Emphasis in original). [4]

(*See* **AAB, at pp. 23-24**).

Appellee also argues:

"[Appellant], however, has no direct evidence, nor any specific substantive circumstantial evidence, that TSA's actions were the result of retaliation."

(*See* **AAB, at p. 25**).

Appellee also argues:

"The Villiarimo and Keyser cases cited by Ferrara do not support her argument as they involve plaintiffs who, like herself, were unable to offer specific and substantial evidence of pretext. See Villiarimo, 281 F.3d at 1064-65 (summary judgment in favor of employer proper where plaintiffs failed to show close temporal proximity sufficient to show causation (as to one plaintiff) or that airline's stated reasons for termination were pretextual (as to both plaintiffs)); Keyser v. Sacramento City Unified Sch. Dist., 265 F.3d 741, 744-45 (9th Cir. 2001) (plaintiffs in free speech case failed to show retaliatory motive through circumstantial evidence where over two years separated the protected speech and the adverse actions)."

(*See* **AAB, at p. 25, fn. 8**).

---

[4] Circumstantial evidence typically relates to such factors as plaintiff's job performance, the timing of events, and how the plaintiff was treated in comparison with other workers. See ***Stegall v. Citadel Broadcasting Co.***, 350 F.3d 1061, 1066-67 (9th Cir. 2003).

Appellee further asserts:

"Nor can Ferrara raise a triable issue that the deciding officials did not honestly believe that her conduct justified her removal."

(*See* **AAB, at p. 26**).

As will be established below, all of Appellee's assertions made above are wrong for many reasons.

First, Appellant's arguments in his opening brief that <u>temporal proximity alone</u> can show pretext, is established Ninth Circuit law. (*See* **AOB, at pp. 25-34**). In addition to the precedents cited in Appellant's opening brief, the following cases provide additional support that <u>temporal proximity alone</u> between the protected activity and the [adverse employment action] is evidence of pretext. ***Pardi v. Kaiser Found. Hosps.***, 389 F.3d 840, 850 (9th Cir. 2004) ("When adverse employment decisions closely follow complaints of discrimination, retaliatory intent may be inferred."), citing ***Bell v. Clackamas County***, 341 F.3d 858, 865-66 (9th Cir. 2003) (holding that proximity in time may by itself constitute circumstantial evidence of retaliation).[5] Appellee's argument that "[n]ot one case cited by [Appellant] involves a finding of pretext based *solely* on temporal proximity. Rather, the cases she cites all rely on temporal proximity with some additional direct or circumstantial evidence of pretext," is meritless.

---

[5] *Also see* ***Maese-Thomason v. Embry-Riddle Aeronautical Univ.***, 2023 U.S. Dist. LEXIS 159404, *74 (D. Ariz. 2023).

Ninth Circuit precedent clearly provides that, "[i]n some cases, temporal proximity can by itself constitute sufficient circumstantial evidence of retaliation for purposes of both the prima facie case and the showing of pretext." _**Dawson v. Entek Int'l**_, 630 F.3d 928, 937 (9th Cir. 2011), (citing _**Miller v. Fairchild Indus., Inc.**_, 797 F.2d 727, 731-732 (9th Cir. 1986), and _**Bell**_, 341 F.3d at 865-866); _**Kerr v. Jewell**_, 549 Fed. Appx. 635, 639 (9th Cir. 2013) ("The temporal proximity of these complaints to the permanent reassignment alone provides a sufficient basis from which to infer pretext"). It does not matter whether any of the cases cited in Appellant's opening brief were based solely on temporal proximity (and they were not), the Ninth Circuit allows it and if Appellant's case is one of first impression is this circuit, so be it.

Second, although Appellant is devoted to the argument that he can establish pretext based on temporal proximity alone, he has presented additional evidence of pretext in the District Court other than temporal proximity alone. (_See_ **AOB, at pp. 34-45**); also see infra.

Third, as thoroughly discussed in Appellant's opening brief, the cases cited by the District Court in support of its ruling are wrong and/or clearly distinguishable. (_See_ **AOB, pp. 31-34**).

Fourth, the cases cited in Appellee's answering brief regarding the "temporal proximity alone" argument are clearly distinguishable because they

precede many of the Ninth Circuit cases cited by Appellant in his opening brief. (*See* **AAB, at pp. 23-25**).  Additionally, the Appellee's assertion that other cases hold that "evidence which does not go beyond that produced for the prima facie case is generally insufficient to establish pretext," at a minimum, conflicts with more recent Ninth Circuit "temporal proximity" cases cited by Appellant in her opening brief.   For example, contrary to Appellee's assertions, more recent published Ninth Circuit decisions indeed confirm that "[i]n some cases, temporal proximity can by itself constitute sufficient circumstantial evidence of retaliation for purposes of both the prima facie case and the showing of pretext." (Emphasis added.) *See **Dawson***, supra, 630 F.3d at 937, citing ***Bell***, 341 F.3d at 865-66 (finding sufficient evidence to support retaliation claim where low performance reviews immediately followed plaintiff's complaints); ***Keyser***, 265 F.3d at 751 ("proximity in time between the protected action and the allegedly retaliatory employment decision [i]s one [way] a jury logically could infer [that the plaintiff] was terminated in retaliation.") (internal quotation marks omitted); ***Strother v. S. Cal. Permanente Med. Grp.***, 79 F.3d 859, 870 (9th Cir. 1996) ("The same evidence can be used to establish a prima facie case and to create a genuine issue regarding whether the employer's explanations are pretextual.") (emphasis in original); and ***Miller***, 797 F.2d at 731 ("[c]ausation sufficient to establish a prima facie case of unlawful retaliation may be inferred from the proximity in time between the

protected action and the allegedly retaliatory employment decision.").  Appellee's efforts to distinguish these cases must fail because in the cases cited above, the Ninth Circuit's holdings are clear and unambiguous.  The District Court similarly erred when it did not utilize the evidence it found to be persuasive in establishing causation (*See* **I-ER-013-015**) when considering the pretext issue.

Fifth, Appellee's assertion that "[t]he Villiarimo and Keyser cases cited by [Appellant] do not support her argument as they involve plaintiffs who, like herself, were unable to offer specific and substantial evidence of pretext," also must fail. (*See* **AAB, at p. 25, fn. 8**).  Appellee's attempt to distinguish the instant case from ***Villiarimo*** and the ***Keyser*** cases must fail because Appellant has indeed presented "specific" and "substantial" circumstantial evidence of pretext as described herein.

Finally, as to Appellee's argument that the deciding officials did not honestly believe that Appellant's conduct justified her removal (*See* **AAB, at p. 26**), Appellant has provided much evidence in her opening brief and this reply brief to undermine the legitimacy of the Appellee's reasons for taking an adverse action against Appellant.  Indeed, there are genuine issue of material fact as to whether Garcia-Hamilton honestly believed her reasons for removing Appellant were proper in light of the record in this case.

**2. <u>APPELLEE'S ANSWERING BRIEF DOES NOT SUFFICIENTLY REFUTE APPELLANT'S ASSERTIONS IN HIS OPENING BRIEF THAT IN ADDITIONAL TO TEMPORAL PROXIMITY, THERE IS OTHER EVIDENCE IN THE RECORD THAT ESTABLISHES PRETEXT IN THIS CASE</u>**.

The District Court found that Appellant's other evidence did not establish pretext. (*See* **I-ER-13-14**). The District Court was wrong.

As indicated above, Appellant has presented specific and substantial evidence of temporal proximity alone to independently establish pretext in this case. The circumstantial evidence of the temporal proximity between Appellant's participation in protected activity and the adverse actions in this case was amply corroborated by other actions taken against Appellant. To this end, Appellant provided at least five (5) separate and distinct reasons why the Appellant's evidence of pretext <u>outside of temporal proximity</u> was unworthy of credence to refute Appellee's stated legitimate reasons for removing Appellant from federal service. (*See* **II-ER-276-289**) (*See* **AOB, at pp. 34-45**).

Appellant respectfully submits that Appellee has not adequately refuted Appellant's arguments presented both in the District Court and in her opening brief. Appellee does, however, raise arguments in his answering brief (*See* **AAB, at pp. 26-29**), that should be summarily rejected by this Honorable Court for at least the following three (3) reasons.

First, Appellee's argument that Appellant raises several new arguments about circumstantial evidence for the first time on appeal (*See* **AAB, at p. 26**), should be summarily rejected by this Honorable Court. Indeed, each argument that Appellee now claims is a new argument was before the District Court and in Appellant's opening brief. (*See* **II-ER-266-271, 276-282, 284-289**); (*See* **AOB, at pp. 34-45**).

Second, in his opening brief, Appellant argued that Garcia-Hamilton's deviation from established personnel procedures which is a recognized basis to alleged pretext. (*See* **AOB, at pp. 35-36**). In response, Appellee argues that "[Appellant] essentially suggests that her admitted failure to secure the binder was due solely to the agency's distribution of the information in the first place. In addition to making no logical sense, this argument is based on pure speculation and should be disregarded (Citations omitted.)," should also be rejected. (*See* **AAB, at p. 27**). Contrary to Appellee's assertions, deviation from established personnel procedures makes perfect logical sense and it is not speculative because had Garcia-Hamilton not done it, Appellant would not have been accused of not safeguarding a SOP that never should have been distributed to Appellant. Viewing this evidence in a light favorable to Appellant, a reasonable jury could conclude that but for Garcia-Hamilton's deviation from Appellee's policy regarding not

distributing the SOPs to the checkpoints, Appellant would not have been removed from federal service.

Third, despite Appellant's comparator argument before the District Court and in his opening brief, Appellee discounts Appellant's pretext arguments regarding comparative employees. (*See* **AAB, at pp. 27-28, & fn. 8**). Appellant presented ten (10) comparators for the District Court's consideration. (*See* **AOB, at pp. 37-43**). Appellee claims that the record evidence does not establish that any other employee failed to secure Sensitive Security Information on that date. 3-ER-299-303; 2-ER-290-92. In other words, no other employees were disciplined because they, unlike Ferrara, did not fail to secure Sensitive Security Information. 2-ER-211-19. (*See* **AAB, at p. 28, fn. 8**). This argument by Appellee is absurd. Even if this Honorable Court puts nine of the ten comparators aside, there is no justification for the more favorable treatment afforded to comparator Deitric Scott ("Scott"). If Appellee's legitimate non-retaliation reason for removing Appellant from federal service was because she failed to safeguard the SOP that was delivered to her, how does a reasonable juror not conclude that Appellee did not act pretextually when she did not remove Scott from federal service for <u>losing</u> the SOP after he retrieved the SOP that Appellant left at the podium? (*See* **AOB, at pp. 41-42**). Indeed, Scott's losing the SOP was the ultimate failure to safeguard the SOP and Garcia-Hamilton's failure to take any action against Scott for losing

the SOP only illustrates the magnitude of Garcia-Hamilton's retaliatory treatment of Appellant.

Fourth, contrary to Appellee's assertion, Appellant indeed provided a legal basis for her hostility argument regarding Garcia-Hamilton's tone of voice. (*See* **AAB, at pp. 28-29**); (*See* **AOB, at p. 43**).

Finally, regarding the length of time Appellant was employed by Appellee, Appellant indeed provided support for her argument. (*See **Reynaga v. Roseburg Forest Prods.**,* 847 F.3d 678, 694 (9th Cir. 2017) (holding that an employee who had been employed for five years but who was subjected to an adverse employment action one month after engaging in protected activity was suggestive of pretext). (*See* **AAB, at p. 29**); (*See* **AOB, at pp. 44-45**).

### C. PREEMPTIVE RETALIATION IS AN ACTIONABLE, STANDALONE CAUSE OF ACTION AND THE DISTRICT COURT ERRED BY MERGING IT WITH THE RETALIATION CAUSE OF ACTION.

Appellant's First Cause of Action was for Retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). (*See* **III-ER-576-579, Second Amended Complaint, Dkt. # 24 ("SAC"), ¶¶ 77–92**). Appellant's Second Cause of Action was for Anticipatory or Preemptive Retaliation in violation of Title VII. (*See* **III-ER-576-579, SAC ¶¶ 93–104**).

Contrary to Appellee's assertion, the District Court erred when it merged Appellant's first and second causes of action together subject to the same elements

and/or standard. (*See* **I-ER-000-010**).[6]  Despite the District Court's error in merging the first and second causes of action, Appellee makes two (2) arguments in his answering brief that the District Court's dismissal of Appellant's second cause of action was correct.[7]

Appellee's first argument that the District Court was <u>correct</u> is that "[Appellant]'s preemptive retaliation claim is duplicative of her retaliation claim based on her assertion that offering an LCA was itself retaliatory," should be rejected. (**AAB, at p. 30**).  Indeed, as will be established below in response to Appellee's second argument, an anticipatory or preemptive retaliation claim is a

---

[6] The Court previously rejected [Appellee's] arguments that the Last Chance/ Abeyance Agreement ("LCA") itself could not constitute retaliation and that [Appellant]'s claim for anticipatory or preemptive retaliation is not a cognizable cause of action. *See* **I-SER-8-9, 2021 Motion to Dismiss Order**.  The Court explained that [Appellant] could proceed on a theory that the LCA itself was retaliatory if she could prove both (1) that Garcia-Hamilton's "retaliation [for [Appellant]'s EEOC activity] was part of the justification for imposing the LCA on [Appellant]" and (2) that [Appellant] would not have been terminated but for the LCA. *Id*.  Further, the Court explained that Plaintiff's anticipatory retaliation claim could proceed to the extent Plaintiff could prove (1) that Defendant forced her to accept the LCA and thus waive her rights to bring future claims against Defendant as a condition of continued employment and (2) "that the LCA itself was retaliatory." *Id*. at 9.  Because the bases and analysis for Plaintiff's first and second causes of action overlap, the Court addresses them together. (*See* **I-ER-009-010, fn. 4**).

[7] In an effort to <u>concur</u> with the District Court's merging of the first and second causes of action, Appellee has raised in his counter-statement of the issues – "whether "anticipatory or preemptive retaliation" is an actionable cause of action." (**See AAB, at p. 2**).

separate and distinct cause of action with its own elements from that of the run of the mill retaliation claim.

Appellee's second argument that "[Appellant] identified no binding cases recognizing a standalone cause of action for preemptive retaliation," is false. (**AAB, at p. 30**).  Neither of Appellee's two arguments above have any merit for the following reasons:

First, the District Court and Appellee ignore the primary purpose of the anti-retaliation provision of Title VII.  Indeed, the primary purpose of the anti-retaliation provision of Title VII is to ensure that employees have "unfettered access to statutory remedial mechanisms." *See **Robinson v. Shell Oil***, 519 U.S. 337, 346 (1997).  Filing discrimination charges with the Equal Employment Opportunity Commission ("EEOC") is one such "statutory remedial mechanism." Indeed, EEOC charges play a critical role in the administration of Title VII.  The purpose of a EEOC charge of discrimination is to "place the EEOC on notice that someone . . . believes that an employer has violated [the federal laws against employment discrimination.]" *See **EEOC v. Shell Oil Co***, 466 U.S. 54, 68 (1984). Courts, thus, have not hesitated to find that waivers of the right to file a charge are void as against public policy. See, e.g., ***EEOC v. Cosmair***, 821 F.2d 1085, 1090 (5th Cir. 1987) ("We hold that an employer and an employee cannot agree to deny to the EEOC the information it needs to advance [the public interest in preventing

employment discrimination]. A waiver of the right to file a charge is void as against public policy.").[8] As will be established in more detail below, Appellee knew or should have known that the waiver of the filing of prospective Title VII charges in Paragraphs 8, 9, and 11 of the LCA were indeed void and unenforceable. (*See* **III-ER-305**).

Second, Appellee cites to no mandatory or persuasive authority supporting his belief that "preemptive retaliation is not an actionable, standalone cause of action." (*See* **AAB, at pp. 29**). Plaintiff submits that, in addition to other authorities cited herein, there persuasive support in the Ninth Circuit for an "anticipatory or preemptive retaliation" claim for relief. [9]

---

[8] In addition to the U.S. Supreme Court and Fifth Circuit authority, there is persuasive authority from other jurisdictions. *See **EEOC v. U.S. Steel Corp.***, 671 F. Supp. 351, 357-59 (W.D. Pa. 1987); *see also **Wastak v. Lehigh Valley Health Network***, 342 F.3d 281, 291-92 (3rd Cir. 2003); ***Faris v. Williams WPC-I, Inc.***, 332 F.3d 316, 321 (5th Cir. 2003); ***American Airlines v. Cardoza-Rodriguez***, 133 F.3d 111, 118 n.7 (1st Cir. 1998); ***McCall v. U.S. Postal Serv.***, 839 F.2d 664, 666 n.* (Fed. Cir. 1988); ***Carllicotte v. Carlucci***, 698 F.Supp. 944, 946-47 (D.D.C. 1988).

[9] *See **Lambert v. Ackerley***, 180 F.3d 997, 1005 (9th Cir. 1999)(if the FLSA "is to function effectively, inspectors must be free from the threat of retaliatory discharge for identifying safety and quality problems."); ***Hashimoto v. Bank of Hawaii***, 999 F.2d 408, 411 (9th Cir. 1993)("If one is then discharged for raising the problem, the process of giving information or testifying is interrupted at its start: the anticipatory discharge discourages the whistle blower before the whistle is blown"); ***Perez v. Fatima/Zahra, Inc.***, 2014 U.S. Dist. LEXIS 70664, at *6-7 (N.D. Cal. 2014)("These threats, although taken in anticipation of employees engaged in protected activity, are 'no less retaliatory than action taken after the fact.'").

Finally, even assuming arguendo that the Ninth Circuit Court of Appeals has not expressly recognized an "anticipatory" or "preemptive" retaliation claim for relief (and it has), other jurisdictions' "anticipatory" or "preemptive" retaliation cases confirm that Title VII prohibits an employer from discriminating against an employee whose protected expression has not yet taken the form of filing a written complaint See e.g., ***Beckel v. Wal-Mart Assocs, Inc.***, 301 F.3d 621, 624 (7th Cir. 2002)(recognizing anticipatory retaliation as actionable under Title VII); ***Johnson v. ITT Aerospace/Commc'ns Div.***, 272 F.3d 498, 500-501 (7th Cir. 2001) (same); ***Heuer v. Weil-McLain***, 203 F.3d 1021, 1023 (7th Cir. 2000) (noting that retaliation includes "efforts to induce a claimant to drop her claim" as well as "efforts to deter or prevent the filing of a claim"); see also ***Sauers v. Salt Lake County***, 1 F.3d 1122, 1128 (10th Cir. 1993) (concluding that "[a]ction taken against an individual in anticipation of that person engaging in protected opposition to discrimination is no less retaliatory than action taken after the fact"); ***McEwen v. Delta Air Lines***, 919 F.2d 58, 59-60 (7th Cir. 1990); ***EEOC v. Bojangles Rests., Inc.***, 284 F.Supp.2d 320, 328 (M.D.N.C. 2003) (holding that Title VII's anti-retaliation clause covers preemptive employer actions and precludes employers from discriminating against employees it fears will later engage in protected activity).

The undisputed facts in this case establish that Shannon-Garcia, Appellee's agent, retaliated against Appellant by requiring her to sign a LCA that stripped her

of her right to file charges as a condition of continued employment. Any other

conclusion would be inconsistent with the critical role that discrimination charges

play in protecting employees from discrimination and would hamper EEOC

enforcement efforts that depend on the filing of charges. Any other conclusion

also would have the anomalous result of permitting employers to insert in their

LCAs unenforceable provisions that deter the filing of charges and provide no

protection to an employee who refuses to be bound by such a provision.

For all the reasons mentioned above, Plaintiff has successfully stated a claim

for relief for "anticipatory" or "preemptive" retaliation.

## III.    <u>CONCLUSION</u>

For all the reasons stated herein and in Appellant's Opening Brief, the

District Court's order granting summary judgment should be reversed and the case

should be remanded back to the District Court for trial and/or further proceedings

relating to Appellant's Second Cause of Action.

Date:  February 5, 2023                     _____ s/ Edward J. Blum
                                            Law Office of Edward J. Blum
                                            3731 Wilshire Blvd., Suite 312
                                            Los Angeles, California 90010
                                            Phone: (213) 479-5322

**IV.** **CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS**.

1.      This brief complies with the type-volume limitation of Fed. R. App. P.32(a)(7)(B) because this brief contains **6,933** words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.      This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the typed style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2019 (Version 2301) using Times New Roman, font size 14.

.

Date:  February 5, 2023

                    s/ Edward J. Blum
Law Office of Edward J. Blum
3731 Wilshire Blvd., Suite 312
Los Angeles, California 90010
Phone: (213) 479-5322

## V.  STATEMENT OF RELATED CASES PURSUANT TO CIRCUIT RULE 28-2.6

The undersigned attorney states the following:  I am unaware of any related cases currently pending in this court.

Date:  February 5, 2023

_____ s/ Edward J. Blum
Law Office of Edward J. Blum
3731 Wilshire Blvd., Suite 312
Los Angeles, California 90010
Phone: (213) 479-5322

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on February 5, 2023.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

**DOCUMENTS SERVED:  APPELLANTS' REPLY BRIEF**

**ATTORNEYS SERVED:**
PAUL B. GREEN
Assistant United States Attorney
300 North Los Angeles Street,
Suite 7516
Los Angeles, California 90012
paul.green@usdoj.gov

s/ Edward J. Blum, Esq.
Law Office of Edward J. Blum
3731 Wilshire Blvd., Suite 312
Los Angeles, California 90010
Phone: (213) 479-5322